UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY JOHNSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 19-cv-3039-MMM |
| DR. KATTERMAN et al., | ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Lincoln Correctional Center ("Lincoln"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 6, 2018, Plaintiff went to the Defendant Lincoln Healthcare Unit complaining of chest pain. Plaintiff was seen by Defendant Dr. Katterman who prescribed him Tylenol, aspirin, a blood thinner, and Aproxzene, an unidentified medication. Plaintiff thereafter allegedly experienced a drug reaction to the Tylenol and aspirin. Plaintiff claims to have allergies to these medication without indicating whether the allergies were known and pre-existing, or whether he experienced them for the first time on November 6, 2018. Furthermore,

1

Plaintiff does not explain why he believes his symptoms; sweats, headaches, burning on urination, tremors, itchiness, drowsiness and dizziness are attributable to the Tylenol and aspirin, rather than the other medications, or another condition altogether.

As noted, Plaintiff does not allege that he knew of the drug allergies prior to November 6, 2018, and informed Defendant. He does not claim that this information was recorded in the Lincoln medical record, or that Dr. Katterman would have reason to know of it. Most tellingly, Plaintiff does not allege that he refused the medication, a reasonable course if he had known, on November 6, 2018, that he was allergic to Tylenol and aspirin. Plaintiff alleges only that Defendant Katterman prescribed him the "wrong medication" and that the medication did not help his "injury."

On February 2, 2019 Plaintiff experienced a minor stroke and was sent to a hospital in Springfield. There, a physician told him that the stroke was due to the Tylenol and aspirin ordered by Defendant Katterman. The unidentified physician claimed that Defendant Katterman "should be ashamed of himself" because "the file," presumably the hospital chart, reflected Plaintiff's allergy to these medications. It remains unclear, however, whether the hospital chart documented a pre-existing drug allergy or merely Plaintiff's self-reported history, based merely on his own conjecture.

Plaintiff claims that Defendant prescribed the Tylenol and aspirin on two occasions, November 6, 2018 and again, after Plaintiff returned from the Springfield hospital. It is unclear whether Plaintiff is alleging that he was kept on a course of Tylenol and aspirin or merely that he was given the medication on two occasions. If the latter, it is unclear why a one-time dose of Tylenol and aspirin on November 6, 2018 would have caused Plaintiff to develop a stroke on February 2, 2019.

Plaintiff makes an unrelated claim that on February 2, 2019, he went to "therapy for my chest." Plaintiff claims, without providing detail, that while undergoing therapy he began vomiting blood and discovered that he had a "hole in his chest." At some point, Plaintiff spoke with Defendant Nurse Diane who told him he would have to wait to be seen by the Doctor. Plaintiff asserts that Defendant Diane was deliberately indifferent for failing to offer him treatment. He does not indicate whether he was seen by a physician and does not reveal what became of the hole in his chest.

Plaintiff also pleads a vague claim against L. Hopp, the Head of the Lincoln Healthcare Unit and the Lincoln Chief Administrative Officer ("CAO"). He claims only that both "lied" when they claimed that Plaintiff had been sent to Peoria for therapy. Plaintiff asserts that he had therapy on only one occasion, February 11, 2019, and that this was in Springfield, not Peoria. This is the only reference to L. Hopp, and the CAO and it is unclear whether Plaintiff is attempting to assert a claim against them and under what constitutional claim he would assert it.

Plaintiff requests injunctive and declaratory relief as well as $50 million in compensatory and punitive damages.

**ANALYSIS**

Plaintiff's amended complaint is only slightly less confusing than the original. When the Court conducted a merit review of the original complaint, it dismissed it as too vague, with leave to replead. Plaintiff was instructed that if he filed an amended complaint, he was to indicate whether he reported the alleged drug allergy symptoms to Defendant. Not only has Plaintiff failed to do this, he has also failed to disclose whether the alleged Tylenol and aspirin allergy was known and pre-existing. As Plaintiff was previously informed, a physician is not

liable for prescribing medication to which a patient had a previously unknown allergy. *Roberson v. Ping*, 2016 U.S. Dist. LEXIS 114719 .

It is also unclear whether Plaintiff was given discrete doses of Tylenol and aspirin on two occasions or whether he was on a regular regimen.  If Plaintiff was only given two discrete doses, it is unclear how the February 2, 2019 stroke could have been attributed to the Tylenol and aspirin given some three months earlier.  Plaintiff will be given an opportunity to replead this claim to address these issues.  Plaintiff is, cautioned, however, that  he is to follow the Court's instructions and provide the requested information, or face possible dismissal of this case.

Plaintiff's complaint against Defendant Diane cannot  proceed here as it is unrelated to the November 6, 2018 claims against Defendant Katterman.  As a result, it represents an impermissible misjoinder.  *See Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) ("defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law.")  *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits… Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  Plaintiff is advised that if he wishes to proceed on a claim  against Defendant Diane, he must file it is a separate lawsuit with responsibility for the attendant filing fee.  Defendant Diane is DISMISSED.

Plaintiff has named the Lincoln CAO and L. Hopp but does not assert a deliberate indifference claim against them.  He alleges only that they lied when they stated that he had been

sent to Peoria for therapy.  To the extent that this allegation is construed as asserting a claim against these Defendants, it is dismissed for misjoinder.

Plaintiff names the Lincoln Healthcare Unit although he was previously advised that the Healthcare unit, as a department of the State of Illinois, is not a "suable 'person[s]' within the meaning of section 1983…" *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Furthermore, an action against a state agency is considered an action against the state itself, and Eleventh Amendment sovereign immunity applies. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections).  The Lincoln Health Care Unit is once again DISMISSED.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have 30 days from the entry of this order in which to replead his claims with more specificity.  The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading.  Failure to file a Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff is not to plead unrelated claims in one complaint. Nurse Diane, the Lincoln Health Care Unit and Lincoln CAO are DISMISSED.

2.   When Plaintiff filed his amended complaint, he disclosed having filed 16 prior cases. In the Litigation history section, however, Plaintiff identified only one case. Plaintiff is, within 30 days, and no later than the filing of his Second Amended Complaint, to file an Amended Litigation History, disclosing all of his prior cases.

11/15/2019　　　　　　　　　　　　　s/Michael M. Mihm
ENTERED　　　　　　　　　　　　　　MICHAEL M. MIHM
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE